

CLERK OF COURT OFFFICE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA

In re Antoine Jones

No.11-5191

1:05-cr-00386-(ESH)

Appeal no.3034

cv. no. 07-1027 (RJL)

NO. 09-5128

Date: 12- 12 -2012

In Re: Antoine Jones

### WRIT OF MANDUMAUS

My complaint is two members of the bar, have knowingly participation in unprofessional conduct that arise to the level of fraud on the court.

Fraud on the court is a claim that exist to protects the integrity of the judicial process.

Submission of fraudulent affidavits, bogus memorandums by these government lawyers and false testimony participated in by the assistant United States attorney constitutes fraud on the court.

All fraud is odious and in attempt to subvert the administrators of Justice one may assume that their above the law, it is in this light that the court must give clear interpretation to the rights of the litigators and not bear the assumption of its letter (LAW).

The defendant Rachel Lieber bias the courts by preventing the petitioner a fair hearing, by disguising the fourth amendment violations; the law ascribes this as an ethical violation that's very undermining and dishonest in which violates their professional code of conduct (8.4).

The Courts has the power and the duty to protect its appellate jurisdiction from the practice of fraud on the court. The pass decision has been attained by fraud on the court and supported by outrageous misconduct.

Prayer, of petitioner to ask that this 60 (b) motion to be remanded back to district court; I also ask that this appellate court hear and determine this issues of fraud on the court.[1]

To confirm that the clerk of the courts has been receiving the petitioners motions and also has received the $ 450.00 dollars of its full court filing fee; in civil number (11-5191). The petitioner would also like to receive a civil court docket sheet in case number (11-5191).

Respectfully Submitted,
Mr. Antoine Jones
18600-016
US Penitentiary Lee County
PO. BOX 305
Jonesville, VA. 24263

---

[1] Petitioner is enclosing an amended 60(b)-fraud on the court motion and sending the defendant's a copy.

RECEIVED
Mail Room
JAN 2 0 2012
United States Court of Appeals
District of Columbia Circuit

CLERK OF COURT OFFFICE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA

In re Antoine Jones

No.11-5191

1:05-cr-00386-(ESH)

Appeal no.3034

cv. no. 07-1027 (RJL)

NO. 09-5128

## WRIT OF MANDAMUS TO PETITIONER 60 (b) MOTION IN THE DISTRICT COURT.

Petitioner has filed a 60 [b] motion [dishonesty and **fraud on the court** by the defendants] in the cv-no-1027 (RJL) and in No. 09-5128; the District Court denied petitioner leave to file this 60 (b) motion in the District Court.

District Court erred and prejudice petitioner by not allowing petitioner to submit facts of clear and convincing evidence that the defendants **committed**

**fraud on the court** and violated petitioner 4th amendment rights, thus the District Court could set aside judgment under rule 60 [b].[1]

Petitioner has paid the full court filing fee $450 in no.11-5191 to re-visit this court of appeals to show clear and convincing evidence that A.U.S.A. Rachel C. Lieber an officer of the court **committed fraud on the court** in petitioner criminal case (05-0386), civil case no. 07-01027-RJL, civil appeals no. 09-5128, direct appeal no. 3034, the district court error when the court didn't review the claims that A.U.S.A. Rachel C. Lieber **committed fraud on the court**, concealing the facts and evidence the defendants violated petitioner 4th amendment right. Petitioner will brief this motion to focus on the **fraud on the court claims**.

AUSA Rachel Lieber is a sworned officer of the court and a government lawyer for the United States Attorney Office of the United States Department of Justices and Ms. Lieber professional duty is to be honest and never to commit any type of **fraud upon the court**.

## TITLE III 2510 VIOLATION AND ILLEGAL LISTENING TO PETITIONER D.C. JAIL CONVERSATION

Petitioner counsel Mr. Balarezo move to suppress petitioner illegal D.C. Jail calls to show and prove the government violated his 4th Amendment rights, and illegally obtained petitioner D.C. Jail calls.

During petitioner criminal proceeding, district court civil proceeding, and in petitioner direct appeals proceedings, defendant AUSA Rachel Lieber conceal that the government received shipment of petitioner D.C. Jail calls and listen to

---

[1] For purpose of F.R. CR. 60 (b) provision that judgment may be set aside fraud upon court, one species of **fraud upon court** occurs when officer of court perpetrate fraud affecting ability of court or jury to impartial judge a case. See Pumphrey v. K.W. Thompson tool company, 62 F.3d 1129,( 1995 CA. 9 Idaho)

2

volumes of petitioner D.C. Jail conversation without a warrant, subpoena or any type of legal court order.[2]

Instead of the government conceding that they did receive and listen to all the volumes of petitioner D.C. Jail conversation without court authority, the government (AUSA Rachel Lieber) instead **committed fraud on the court** by being dishonest and deceiving the court.

In document 380, filed August 22, 2007, page 17, the government writes: the affidavits laid out a number of phone calls Jones had made while incarcerated at the D.C. Jail (then the government refer to footnote 7) footnote 7: reads Jones in a footnote to his motion without any supporting authority, suggest that these conversations should be suppressed because they were not obtained with a subpoena or warrant. Def. mot. at 371 N.1. The conversation at issue are recording made, by the jail of conversation on phones used by prisons kept in the hands of jail officials as part of a public policy of monitoring inmate calls, including signs above the phones indicating that they may be recorded. (The fraud, dishonesty and deception start here). **"It is difficult to understand how Jones could have any protected fourth amendment interest in these recording and title III specifically exclude this kind of monitoring from its coverage. Smith v. Department Of Correction 251 F.3d 1047 (D.C. Cir. 2001).**

The government here wrongfully contends that the D.C. Jail authority, by recording the conversation of petitioner and allowing the government to intercept those communication it was lawful and legally authorized.[3]

---

[2] In Jones motion to suppress D.C. Jail calls Jones writes: Jones also move to suppress these calls because , upon information and belief, the government did not obtain these calls pursuant to a lawfully authorized subpoena or warrant.

[3] This cover up cause petitioner to not be able to show clear and convincing that the government dint get any type of legal court order.

3

There's no doubt that D.C. Jail administration could monitor and listen to petitioner conversation but what defendant AUSA Lieber and defendant (Warden) Dennis Harrison over looked, the point that petitioner D.C. Jail conversation were sensitive" and both defendant Lieber and Harrison disregarded Department Of Correction program statement (monitoring and recording inmate telephones)[4]

Petitioner submits 64 of petitioner recorded D.C. Jail calls, the government illegally obtained, and listens to them. (Exhibit 2)

## ILLEGAL LISTENING TO PETITIONER D.C. JAIL CONVERSATION BY DEFENDANT LIEBER, DEFENDANT HORNE AND THE GOVERNMENT

### STATEMENT OF FACTS

The defendant's and the government has admitted and conceded that they have receive shipment of petitioner D.C. Jail calls and listen to volumes of petitioner D.C. Jail conversation which is clearly a fourth amendment violation by the defendants because they didn't have any legal court authority.[5]

(Exhibit 3) F.B.I. agent Stephanie Yanta November 22, 2005, grand jury proceeding, pages 12-16.

Page 12 Lines 24, 25:

(Q) Okay. And finally I want to direct your attention to some recent telephone contact from the D.C. Jail. Are you aware that Antoine Jones is currently house at the D.C. Jail?

---

[4] PS 4070 13(e), **call data records and recording of inmate telephone calls are considered sensitive** and *shall not be released without a subpoena or other appropriate legal order.* (EXHIBIT 1).

[5] 2520(a) Recovery of civil damages authorized. In general. Except as provided in section 2511 (2) (a)(iii) [18 USCS § 2511(2)(a)(iii)], any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter [18 USCS§§ 2510 et seq.] may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

4

(A) Yes.

Page 13 Lines 1-12:

**(Q) Okay. And are you aware that we have received recording of telephone conversation by Mr. Jones at the D.C. Jail?**

**(A) Yes.**

(Q) Okay. Has Mr. Jones—and I want to confine—well, let me say this. **Have we gotten another shipment of phone calls?**

**(A) Yes.**

(Q) Okay. Did we just get them very late last night?

(A) Yes we did.

Page 15 Lines 8-12:

**(Q)Grand juror. I just have one. Is it a common practice to monitor phone, calls from when they're housed in jail? Is that legal?**

**(A) Witness. It is legal. We actually have to subpoena them.**[6]

(Exhibit 4) M.P.D. detective Norma Horne false and deceiving November 22, 2005, affidavit for petitioner D.C. Jail search. Page 3 Norma Horne write: **review of intercepted call's placed by Antoine Jones from D.C. Jail.**

On page 11, intercepted telephone calls section, Norma Horne writes and conceded that she review conversation on Ms. Deborah O'Neal from November 3,2005, at approximately, 9:16 P.M. and November 6, 2005, approximately 11:57

---

[6] Since agent Yanta or the government didn't get a subpoena or any legal court authority, this conduct is deem **perjury** and **fraud on the court,** because AUSA Rachel Lieber and AUSA John Geise allow Agent Yanta to perjure herself to the Grand Jury and didn't correct her.

A.M. and Norma Horne explained Ms. O'Neal and petitioner conversation, in details. Then on page 12 of her false affidavit she writes on petitioner and his wife Deniece Jones, conversation. Yes, detective Horne receive and listen to these D.C. Jail conversation without a warrant, subpoena or legal court order, violating petitioner fourth amendment rights.

(Exhibit 5) Lawrence Maynard, November 29, 2005, detention hearing

Page 9 Lines 14-22, the government write: **The government has come into possession of some intercepted telephone calls from the jail, from D.C. Jail by Antoine Jones to, in particular, one of his girlfriends. There are a few telephone calls with her and, to be quite honest we have not actually gotten through all of the jail calls because there're voluminous.**

Page 21 Lines 10-12,

Government writes: **and I will note also, your honor that in other intercepted jail calls Mr. Jones speaks at length with his wife about Mr. Maynard.**

In AUSA Rachel Lieber December 5, 2005, letter to Mr. Balarezo, petitioner counsel, **Ms. Lieber, informed counsel that she receives petitioner jail calls**[7].

(Exhibit 6) During the legal interrogation of Ms. Deborah O'Neal, AUSA Rachel **Lieber admitted she listen to petitioner and Ms O'Neal conversation.**

---

[7] Via letter dated December 5, 2005 AUSA Lieber informed counsel that: as I mentioned, in early November, we received information through various channels, including agents wholly unrelated to this investigation that [Jones] was attempting to identify witnesses against him and take care of them. Based on this information, **"we obtained copies of all calls your client made from D.C. Jail"**.

Page 1,

(Q)Ms. Lieber. **We have listened to a lot of phone conversation between you and Antoine.**

Page 2,

(Q)Ms Lieber. November 3. **Which is the first call that Antoine made to you from jail?**

(Q)Ms Lieber. **We listen to another one of his calls with a female caller** who said that she was shock.

(Q)Ms Lieber, **on another call (Nov. 6), that he made to you from jail**. He told you that if any letters come to your house from him with someone else name on it. You should hold it for Lawrence and he would get them from you.

Page 4

(Q)Ms Lieber. **In another phone call that he made to you**. When he was talking about selling the club to a guy from down the waterfront

Page 6

(Q)Ms Lieber. **In one of his phone calls to you** what did he mean when he said I've got to be strong, because if I break down, then it will be a domino effect, what did he mean by that?

(Q)Ms Lieber. **In one of his earlier conversation with you** he said that they let Adrian go, but then the judge change her mind, what was that about?

(Q)Ms Norma Horne. **In another phone conversation that you had with Antoine** what did you think that he meant when he said that his wife was the only one who stood by him when he was in prison?

Ms Lieber, re-entered the room and told Ms. O'Neal that it was her lucky day and that they weren't going to waste the grand jury's time, their time or Ms. O'Neal any longer, but they had confirmed some things that they wanted to know by talking to Ms. O'Neal and that **they was going to listen to the (D.C. Jail) tapes some more and if they come across anything that I wasn't being truthful about then Ms Lieber would have to bring perjury charges against Ms. O'Neal.**[8]

(EXHIT 7) Government's supplemental filing concerning conditions of confinement, filed 3-23-06- document 93.

Page 1,Outline of evidence, jail calls-section, the government writes: On the course of his incarceration at District of Columbia jail, **Jones has made numerous of telephone calls, which were recorded by the jail. Among those calls were several to Beverly Johnson.**

Page 2, the government writes. **In one call at 10:10 pm on November 3, 2005.In foot note 1, the governments discuss conversation with Deborah O'Neal and discuss conversation with petitioner and petitioner wife Deniece Jones.**

---

[8] Ms Deborah O'Neal was subpoena to testified in front of the grand jury but MS Lieber intercepted MS O'Neal from going into the grand jury and MS Lieber and her investigators illegally interrogated MS O'Neal for almost two hours denying her access to the grand jury because they learned of exculpatory evidence that contradict the government bogus theory that petitioner was committing obstruction of justice, this is a clear violation of rule 17,citing Burbin V. UNITED STATES 94 US APP DC 415, 221,F.2D 520 1954 [DC CIR].

8

(Exhibit 8) Even in the government's opposition to appellant prose motion for release pending the government filing a writ of certiorari and motion to extend the stay of the mandate in this case, on page 14,the government writes: In addition, the government proffered that based upon witness information **" a review of appellant's telephone conversation from jail.**[9]

Petitioner has point out numerous of times AUSA Rachel Lieber and the government admit or conceded that they receive and listen to petitioner DC jail calls, and with one crucial question (Did the government obtained a subpoena, warrant or any legal court order to received and listened to petitioner conversation?)This court will finally have the clear and convincing evidence petitioner due diligently tried to present in the courts.

## Illegal entry and Illegal search of petitioner DC jail cell on December 2 2005 By unknown name FBI agents.

Petitioner has been due diligently complaining that some unknown-name F.B.I. agents unlawfully enter and unlawfully search petitioner D.C. Jail cell on **"December 2, 2005"**

Petitioner submitted a sworn declaration under penalty of perjury, explaining that it cellmate, the sergeant on duty, the correctional officer's who took petitioner to segregation-solitary confinement "all" told petitioner that some F.B.I. agent enter and search petitioner cell on December 2, 2005. Mr. Tracey McKeithon- petitioner cell-mate confirmed the searchers were the F.B.I. because they introduce their selves as F.B.I. agents who were there to search petitioner property and petitioner area of the cell. (Mr. McKeithon also stated the agent's

---

[9] In government 's opposition to appellant's motion for release pending new trial and supplement to motion for leave to file motion for release, on page 7, the government repeated and wrote the same exact identical words (Exhibit 9) '

9

confiscated document from petitioner personal property violating petitioner fourth amendment right because they did not have a search warrant).[10]

AUSA Rachel Lieber committed fraud on the court when she duck, dodge and avoid answering the question if the F.B.I. agents unlawfully enter and unlawfully search petitioner cell on December 2, 2005, page 7 of the court of appeals (no. 09-5158) civil proceeding, Ms Lieber writes: "**Jones made further, conclusory, allegation about Lieber, relating to the government's search of his cell, but these allegations are not at issue here. (Id. at 4 A. 118)**"

Petitioner has point out that some unknown-name F.B.I. agents unlawfully search his D.C. Jail cell on December 2, 2005, with another crucial question from this court to A.U.S.A. Lieber, (*Did Ms. Lieber F.B.I. investigators unlawfully enter and unlawfully search petitioner D.C. Jail cell on December 2, 2005?*)

And with her truthful answer, the court will have clear and convincing evidence that A.U.S.A. Lieber had conceal this December 2, 2005, unlawful search for years, and clearly committed fraud on the court to cover up petitioner fourth amendment violation by the unknown-name F.B.I. agents, in the numerous of courts.

### The government theory was complete with rumors, hearsay and a fabricate story.

AUSA Rachel Lieber escalated this fabricated story when she sent a false-bogus memorandum to D.C. Jail trying to **misrepresenting** it as a court order.

AUSA Rachel Lieber memorandum was completed with rumors, hearsay and fabrication. (EXIBIT 10)

---

[10] **Searches without a warrant 18 U.S.C. 2236** ( Whoever, being an officer, agent, or employee of the United States or any department or agency thereof, engaged in the enforcement of any law of the United States, searches any private dwelling used and occupied as such dwelling **without a warrant** directing such search, or maliciously and without reasonable cause **searches any other building or property without a search warrant**, shall be fined under this title for the first offense; and, for a subsequent offense, shall be fined under this title or imprisoned not more than one year, or both.

10

In this bogus memorandum AUSA Rachel Lieber requested petitioner to be place on lock down on November 23, 2005, and renewed her request on December 2, 2005, the day D.C. Jail administration place petitioner in South 1 maximum security unit- solitary confinement, under total separation status, strip from his due process privileges (no. social visits, no incoming mail privileges, no phone privileges), (petitioner wasn't allowed to called his criminal attorney- Mr. Balarezo).

In Ms Rachel Lieber bogus memorandums, in FBI agent Stephanie Yanta November 22 2005 grand jury proceeding and in many of government motions litigation, Ms Lieber states "after Jones arrest and detention a confidential source unrelated to this investigation reported that it was rumored that the guys
From "levels" thought they had figure out that a particular persons, was cooperating and that they were persons was cooperating and that they were trying to find some one to kill the suspected cooperation's.

During petitioner modification of condition of detention (pages 7-8) the government bogus theory was: on the basis of information from confidential sources subsequently supported by intercepted telephone calls made by Jones and mail intended for Jones, **the federal prosecutors, in Jones criminal case concluded** that he was attempting to continue to operate his illegal drug operation from jail, and that he may have been attempting to identify and locate persons cooperating with government officials in his prosecutions, one of whom was housed in the same detention facility with Jones.[11] Based on a concern that Jones may been attempting to tamper with in harm material witnesses, **the prosecutor made a request to the jail authorities that Jones be restricted in his ability to contact and communicate with individuals other than counsel (see generally,**

---

[11] The cooperator the government is speaking of is Donald Hunter Plus my defense an instruction by petitioner lawyer was to find information on any potential government and defense witness.

**id.) The representation in the public filing in the criminal matters is consistent with memoranda from November and December 2005**

Written by the prosecutors involved. This action and conduct by AUSA Lieber violated a taint team procedure, spied in petitioner defense and a violation of attorney client privilege communication, a clear 5th amendment violation.[12]

To determine the existence of an attorney-client or work product privilege, court focuses on whether the client who communicates the information or the attorney who creates the work product has a justifiable expectation, **"That the information will remained secret".** [13]

Also, Mr. Balarezo and officer of the courts wrote: upon information and belief, the items seized from Jones cell were not kept by a "taint team" rather; they were kept by the very prosecutors and law enforcement officers that are part of this case. Counsel concludes this by the facts that AUSA Lieber faxed to counsel copies of the seized documents.[14]

---

[12] Violation of attorney client privilege-federal courts recognize the attorney-client and work product privileges as doctrine that serve to protect confidential communication between attorney and their clients as well as the mental impression an "legal strategies developed by attorney in anticipation of litigation. See Fisher v. United States, 449 U.S. 383, 389, (1981) noting that the attorney client privilege covers wide range of communication with a purpose of encouraging client to make full disclosure to the attorney.

[13] **Mr. Balarezo an officer of the court writes: at the beginning or this case, counsel asked Jones to make a list of all the individuals who may have information regarding this case (Possible witnesses) and all the individuals who may be in a position to testify against him( cooperator). Jones did so, but before he could provide the list to counsel, the government searches his cell and seized the list.**

[14] On November 23, 2005, F.B.I. special agent Jimmy F. Pope Jr., F.B.I. special agent Stephen R. Naugle, and F.B.I. special agent John C. Bevington executed a search warrant of petitioner D.C. Jail cell and seize attorney client communication documents and spied on petitioner defenses. Agent Stephen R. Naugle, was the special agent who was the seizing agent who search petitioner Moore St. and F.B.I. agent John Bevington testified at petitioner trial and monitor petitioner wiretap conversation both were AUSA Rachel Lieber federal investigator which violated taint procedures.

Where AUSA Rachel Lieber and her federal investigators illegally listen to petitioner and Ms Beverly Johnson DC jail conversation with out any legal court authority clearly shows the government spied on petitioner defense.[15]

Also, the government spied on petitioner defense when they seize and read Ms. Beverly Johnson letter.[16]

The phone conversation with Ms. Beverly Johnson and the letter from Ms. Johnson, was part of building my defense, as Mr. Balarezo, petitioner counsel has instructed petitioner to think of, and try to find any petitioner defense witnesses, and find out if there are people who are potential cooperators and government witnesses.

<u>A confidential source unrelated to this investigation reported that it was rumored that "the guys from level" though they had figured out that a particular person was cooperating and that they were trying to find someone to kill the suspected cooperator.</u>

Petitioner will expose this government scheme, bogus rumored, hearsay theory and false representation.

(Exhibit 11) Is a F.D. - 302(debriefing) from November 30, 2005, protect identity. (The governments use this debriefing to support the bogus theory above).

---

[15] In the government supplement filing concerning condition of confinement, outline of evidence, jail call section. The government writes: Over the course of his incarceration at the District Of Columbia Jail, Jones has made numerous, telephone calls, which were recorded by the jail. Among those calls were several to **"Beverly Johnson"** who has been identified both in calls intercepted on the wiretap and in calls intercepted from the jail. In one call at 10:10 P.M. on November 3, 2005, Jones asked Johnson to try and locate a co-conspirator. Johnson indicated she know someone in the warden's office who can help.

[16] (Johnson letter) when Jones jail cell was searched on November 23, 2005, a letter from Johnson to Jones was located. The last paragraph provides the location in jail for an unindicted coconspirator. In the same paragraph Johnson report that another unindicted co-conspirator is "on the street last they know" Johnson also states that this second coconspirator has reportedly been snitching.

In this debriefing, special agent Timothy J. Ervin, writes: Frank Rawlings was arrested in mid- November of 2005, however, protect identity spoke to Rawling after he was released from prison, while he was in the D.C. Jail, Rawlings spoke with several of the incarcerated conspirators in the Antoine Jones narcotic investigation conducted by the F.B.I.. Those persons told Rawling that they had obtained paperwork on their case made them believe that Kirk Carter had also been charged in the same conspiracy. They believed that Carter was incarcerated on that charge for only one day or two. Rawling is doing everything he can to spread the word about Carter and hope that someone will kill.[17]

AUSA Rachel Lieber knew for a fact that this November 30, 2005, debriefing by special agents Ervin on protect identity was more than a rumor and hearsay. Ms. Lieber knew the debriefing was false and a fabrication story because Ms. Lieber knew that Kirk Carter didn't get arrested and charge for only a day or two, because the fact is that Kirk Carter didn't get arrested and incarcerated until almost three(3) months later.

(Exhibit 12) is a sword declaration from Kirk Carter going into details that petitioner and Mr. Frank Rawling is his friend, and he didn't get arrested until three (3) months later, and he believe the confidential source information was bogus in false.[18]

Conclusion

---

[17] I Antoine Jones, swear under the penalty of perjury (28 U.S.C.§ 1746), petitioner do not know a Frank Rawling, and never seen or spoke to a Frank Rawling, in D.C. Jail or in the streets.
[18] There's no where in the November 30, 2005, debriefing that's mention Rawling knew petitioner or spoke with petitioner, and the debriefing detail Rawling (not Jones) was doing everything he can to spread the word about Carter in the hope that someone will kill Carter.

Petitioner will conclude by referring the court to status conference- Friday March 17, 2006, 9:50 P.M., page 42 Lines 16-25, page 43 Lines 1-20, and page 44 Lines 11-24. (Exhibit 13)

Mr. Balarezo: your honor, my understanding at least from the governments response to the motion is that the issues was not communication between Mr. Jones and others in the jail. It was communication with Mr. Jones and people out side. All I see here is that the confidential source reported a rumor about the guys from levels. That is just totally insufficient.

The court: I'll put them to their proof if they can't come up with something different. They have letters and conversation by phone.[19] But I want to hear it. I'm just not satisfied with them getting up here and saying that in some way he sent out a message. That's not satisfactory.

Mr. Balarezo: I can tell the court the part of the allegations that the government is making regarding his communication with other individuals and information that he was seeking, **he was doing it at my request.**

The court: I understand that. I'm not satisfied with either sided making little representation here. It is not satisfactory, I am also not willing to just accept notion that he in lockdown 23 hours a day until this case is finished. **I didn't order that, and I don't know what justified it.**[20] Page 44, judge Huvelle concluded by saying if want to keep him under this condition, **I want you to come forth with the proof** some of it may be ex parte, but **he is entitle to have a real hearing on this**. But if

---

[19] Intercepting, and reviewing Beverly Johnson letter show the government spied on petitioner defense because petitioner attorney requested him to prepare a list containing names and information of potential cooperators and government witnesses who might testify against him, so he could use it in trial preparation.
[20] On April 24, 2006, honorable judge Huvelle gave an order to get petitioner out of solitary confinement during petitioner modification of detention even after the ordered, D.C. Jail would not let petitioner out of solitary confinement. On May 5, 2006, honorable judge Huvelle sent a second court order stating pursuant to the court's order of April 24, 2006, April 24 order it is here by ordered that defendant Antoine Jones is to be placed fourth with the general population at D.C. Jail.

you want it instead of people just say things. If you continue to ask for these particular conditions, **you better have your live witnesses and evidence.**

It been almost six (6) years since AUSA Rachel Lieber and the government has been concealing these bogus-false rumors and fabricated story, just like honorable judge Huvelle mention petitioner entitle to have a real hearing on this so the government could present live witnesses and evidence.

### There was no probable cause for the November 22 2005 search warrant.

The search warrant was based on the prosecution representation that a search of Jones DC jail cell would yield evidence of obstruction of justices and continues criminal activities. This **false representation**, in turn, was base on illegally listening to petition D.C. Jail innocent conversation and adopting a bogus false (302-debriefing), riddle with rumors and hearsay, no concrete facts or evidence.

The affidavit was complete with misstatements, false and deceiving representation of the DC Jail conversation and reckless disregards to the truth. There was no probable cause and since the warrant was illegal as a result the search of petitioner cell on November 23, 2005, was without a doubt illegal.

*The government F.B.I. agents who illegal invaded petition cell, violated petition six amendment and petitioner attorney client privilege.*[21]

Petitioner never had an evidentiary hearing on this issue thus the records never been completes, which made it much easier for AUSA Rachel Lieber to **commit fraud on the court** and deceived the courts.

---

[21] Which was done at the behest of the prosecutors in this case, an was undertaken to seize criminal evidence, and to gain tactical advantage on petitioner defense, and this conduct was not to further institutional security concerns but to, add more charges on the petitioner, by way of superseding indictment.

      Petitioner is humble requesting the court of appeals to allow petitioner to argue his merits and expose the defendant's **fraud on the court**, concealing their fourth amendment violation in this complaint, or remand this 60 (b) **fraud on the court** complaint back to District Court so the District Court could properly review the merits in petitioner 60 (b) motion.

      Respectfully Submitted

Antoine Jones                                                    Date.

_____

U.S.P. LEE  
P.O.BOX 305  
JONESVILLE VA. 24263