UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 11-5191
(C.A. No. 07-1027)

IN RE: ANTOINE JONES, Petitioner,

**FEDERAL APPELLEE'S RESPONSE
TO PETITION FOR WRIT OF MANDAMUS**

The United States of America respectfully opposes Appellant's petition for writ of mandamus and submits this response pursuant to the Court's Order of May 29, 2012. The Order directed the government to "address the basis for the district court's May 20, 2011 ruling, denying [Jones] leave to file" his "civil complaint motion" and "the consequences for the standard of review applicable to the ruling." As explained below, this Court reviews the District Court's order for abuse of discretion, and the District Court acted comfortably within that discretion in rejecting as patently untimely Jones' Rule 60(b)(3) because he filed it well over a year after entry of the judgment that his motion challenged.

**Background**

Jones' petition and supplements thereto consistently describe his pertinent District Court motion as based on Rule 60(b), "detailing fraud on the [district] court by the defendants." July 14, 2011 filing at 1; *accord* Nov. 17, 2011, filing at

1.  The apparent core of Jones' theory is that Assistant U.S. Attorney Rachel Lieber, and others, allegedly committed fraud on the District Court by failing to acknowledge that they were required to obtain search warrants or subpoenas for transcripts of phone calls he placed from jail, but they did not obtain either.  *E.g.*, Jan. 20, 2012, filing at 3.  He also challenges a search of his jail cell.  *Id*. at 10.

The District Court's docket does not contain Jones' Rule 60(b) motion, but the docket instead explains in its May 20, 2011, entry: "Leave to File Denied by Judge Richard J. Leon.  Plaintiff's Request to file civil complaint motion."

Jones' filings in this Court do not specifically address the District Court's reference to a "civil complaint motion," but Jones asserts in his papers in this Court that he "submitted" his Rule 60(b) motion on April 28, 2011.  Nothing else appears on the District Court's docket for the several months surrounding the May 20 entry of judgment.  This Court affirmed had the District Court's earlier judgment on February 11, 2011.

## Argument

1.     This Court reviews denial of leave to file for abuse of discretion.  *In re Jones*, 670 F.3d 265, 267 (D.C. Cir. 2012) (no abuse of discretion in district court refusing to recast pro se motion as based on different rule); *accord Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004) (amended complaint).

2

This Court's unpublished decision in *In re: Lacy L. Williams* (D.C. Cir. Jan. 4, 2012), is consistent. This Court has direct review of a final judgment or denial of Rule 60 motion, and the District Court's refusal to file the motion can be treated as equivalent to denial of the motion on the basis of information then reflected in the District Court's record. If the record were equivocal or incomplete, the Court's remedial power on direct review would authorize ordering the District Court to docket the motion for consideration of its merits on the record. There is no need to hold Jones to the stricter standards for mandamus here.

2. The District Court acted well within its discretion for the simple reason that Jones' motion was evidently untimely and permitting its filing would have been futile. Rule 60(c) sets the time limits for a motion under Rule 60(b), specifically providing that the motion "must" be filed no later than one year after entry of the judgment or order challenged. Fed. R. Civ. P. 60(b)(3) ("fraud . . . misrepresentation, or misconduct by an opposing party"). Nothing in the rules resets this time when an appellate court affirms the District Court's judgment.

Here, Jones sought relief from the District Court's judgment entered on March 30, 2009. Thus, his deadline was no later than March 30, 2010, under Rule 60(c)(1). He claims he submitted his motion on April 28, 2011, which was well over a year past his deadline. He offers no explanation for his untimeliness.

3

And in the intervening two years, this Court had affirmed the District Court's judgment. *Jones v. Horne*, 634 F.3d 588 (D.C. Cir. 2011). This necessarily made the District Court's decision even easier, because the mandate rule required it to respect this Court's judgment.

Nothing in Jones' papers in this Court suggests any exception to the one year limit in Rule 60(c) or application of the mandate rule, just as he fails to show why he could not (and that he did not) present his theories and evidence to the District Court prior to its March 2009 judgment.

## Conclusion

For these reasons, the government respectfully asks the Court to deny Jones' petition for writ of mandamus.

>RONALD C. MACHEN JR.
>United States Attorney.
>
>R. CRAIG LAWRENCE,
>Assistant United States Attorney.
>
> /s/ *Alan Burch*
>ALAN BURCH
>Assistant United States Attorney
>555 4th St., N.W.
>Washington, D.C. 20530
>(202) 514-7204

## Certificate of Service

I certify that, on this 25th day of June 2012, a copy of the foregoing Federal Appellee's Response to Petition for Writ of Mandamus was served via first class mail on pro se Appellant at:

    Antoine Jones
    Central Detention Facility
    DC Prison
    1901 D Street, SE
    Washington, DC 20003

                                      /s/ *Alan Burch*
                                      ALAN BURCH
                                      Assistant United States Attorney